NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3555

_____

DEVANG SURESHBHAI PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A204-538-832)
Immigration Judge: John B. Carle

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(November 8, 2021)

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit Judges*.

(Filed: November 26, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Devang Patel petitions for review of a decision by the Board of Immigration Appeals denying his motions to reopen and to reconsider. We will deny the petition.

I

A native and citizen of India, Patel was admitted into the United States at Chicago, Illinois in 2008 on an H-1B visa. His visa expired on September 30, 2009, but he remained in the United States illegally. In 2019, the Department of Homeland Security sought to remove Patel from the country, after he was convicted of three state crimes: theft by unlawful taking, 18 Pa. Cons. Stat. § 3921(a); receipt of stolen property, 18 Pa. Cons. Stat. § 3925(a); and conspiracy to commit theft by unlawful taking, 18 Pa. Cons. Stat. § 903. At a hearing before an immigration judge, Patel's counsel conceded the crimes involved moral turpitude (CIMTs), which made Patel ineligible for discretionary relief. *See* 8 U.S.C. § 1227(a)(2). Nevertheless, Patel applied for cancellation of removal and adjustment of status. The IJ pretermitted Patel's application for cancellation, but continued the hearing to give Patel a chance to apply for asylum. Patel ultimately filed an I-589 and proceeded to a hearing on the merits of his "fear-based claim," despite his counsel's continued focus on cancellation of removal. A.R. 309–10.

The IJ found Patel credible but denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture, ordering him removed to India. Beyond noting that Patel was ineligible for cancellation of removal because of his CIMT convictions, the IJ found Patel's asylum application untimely and not subject to an exception. The IJ concluded that the harm Patel suffered and feared in India was based on

2

personal matters unrelated to his religion or any other protected ground, and that his CAT claims were too speculative.[1] The IJ also noted that Patel's case was "woefully uncorroborated." A.R. 355.

In May 2020, Patel appealed pro se, challenging only the BIA's decision denying his application for cancellation of removal. A month later, Patel's new counsel filed two motions: (1) a motion with the BIA to reopen his removal proceedings based on ineffective assistance of his prior counsel and new evidence; and (2) a motion to reconsider its decision affirming the IJ's order of removal. The BIA denied both motions. This timely petition for review followed.

## II

We have jurisdiction to review the BIA's decision denying the motion to reopen and the motion to reconsider under 8 U.S.C. § 1252(a)(1). *Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006). We review these denials for abuse of discretion, "regardless of the underlying basis of the alien's request for relief." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011). Unless the BIA's decision was "arbitrary, irrational, or contrary to law," we will deny Patel's petition. *Id.*

---

[1] In applying for relief and protection from removal, Patel claimed that two men would "try to kill [him]" if he returned to India: his uncle living in India and his former business partner in the United States, who could "hire a hitman to kill [him] in India." A.R. 332, 334. While both men allegedly seek repayment of money Patel lost gambling, the IJ found that Patel did not establish "a likelihood that he would be subjected to torture inflicted by or at the instigation of or with the consent or acquiescence of" the Indian government. A.R. 224.

For motions to reopen claiming ineffective assistance of counsel, movants must show that "competent counsel would have acted otherwise" and that they were "prejudiced by counsel's poor performance." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157 (3d Cir. 2007) (citation omitted). The prejudice inquiry thus requires us to look at the BIA's own standard of review for motions to reopen: "The BIA may deny a motion to reopen if it determines that (1) the alien has not established a prima facie case for the relief sought; (2) the alien has not introduced previously unavailable, material evidence; or (3) in the case of discretionary relief (such as asylum), the alien would not be entitled to relief even if the motion was granted." *Huang v. Att'y Gen.*, 620 F.3d 372, 389 (3d Cir. 2010) (cleaned up); 8 U.S.C. § 1229a(c)(7)(C)(ii).

Before the BIA, Patel argued that his prior counsel provided ineffective assistance by failing to submit evidence supporting his I-589 application and "not prepar[ing] him for the individual hearing on this application." A.R. 67. But the BIA determined that prior counsel's performance had not prejudiced Patel because the IJ denied Patel's application for withholding of removal and CAT protection based on his "failure to establish mandatory elements of the relief requested," rather than lack of corroboration. A.R. 4. Given Patel's testimony and affidavit, the BIA found the IJ's decision was not clearly erroneous. *See Huang*, 620 F.3d at 381.

The record supports the BIA's determination. Patel never contested the IJ's finding that his "fears [of] returning to India due to past threats from his uncle regarding a dispute over money" involve "a personal matter unrelated to his religion or any other protected ground." A.R. 4. So Patel could not establish eligibility for withholding of

4

removal or CAT protection, "even if he had corroborated his claim." A.R. 4. Because Patel's new evidence would not likely alter the outcome of his claims for relief or protection from removal, the BIA correctly found that he was not prejudiced by prior counsel. A.R. 4. Thus, the BIA did not abuse its discretion in denying Patel's motion to reopen.

The BIA's conclusion that Patel could not establish eligibility for withholding of removal or CAT protection also supports its denial of the motion for reconsideration. Patel criticizes the IJ for not giving him an "opportunity to provide evidence . . . in order to corroborate [his] claims." A.R. 46. But Patel could not establish eligibility for relief or protection from removal even had he corroborated his claim, so the BIA's decision denying his motion to reconsider was not irrational, arbitrary, or contrary to law.

*　　*　　*

For the reasons stated, we will deny Patel's petition for review.

5